```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
ANTHONY TROCCHIA,

                    Plaintiff,            MEMORANDUM & ORDER

        - against -                       09-cv-4583 (KAM)(RML)


DESY'S CLAM BAR RESTAURANT CORP., SUNG
RO YUN, and HYUNG BOON YUN,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```
**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Plaintiff filed the instant action on October 23, 2009. For the reasons set forth below, plaintiff's complaint is dismissed with prejudice for failure to prosecute.

## BACKGROUND

On October 23, 2009, plaintiff Anthony Trocchia ("plaintiff") commenced this action against Desy's Clam Bar Restaurant Corp. ("Desy's") and Desy's commercial landlords, Sung Ro Yun and Hyung Boon Yun (collectively, "defendants"), invoking jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, alleging that defendants failed to provide a wheelchair-accessible route to Desy's, a restaurant at which he wishes to dine, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, 12204, et seq., New York Human Rights Law §

1

296, and New York City Human Rights Code § 8-107(4)(a). (*See generally* ECF No. 1, Complaint.)

On October 26, 2009, the Honorable Robert M. Levy ordered the parties to appear for an initial conference on February 24, 2010, at 12:00 p.m., and ordered plaintiff's counsel to confirm with defendants' counsel[1] that all necessary participants were aware of the initial conference. (*See* Order dated 10/26/2009.) The docket reflects that the initial conference never took place, and that plaintiff's last activity occurred on December 23, 2009, when plaintiff moved for entry of default against all defendants. (*See* ECF No. 6, Motion for Entry of Default.) The Clerk noted the defendants' default on December 23, 2009. (ECF No. 7, Clerk's Entry of Default.)

On January 31, 2012, having observed that more than two years had passed since plaintiff's last activity in this action, the court issued the following order:

> ORDER TO SHOW CAUSE. The plaintiff is hereby ordered to show cause in writing no later than 2/7/2012 why his case should not be dismissed for failure to prosecute in light of the fact that plaintiff has taken no action in this case since the Clerk's entry of default on 12/23/2009. If the plaintiff fails to show cause in writing by 2/7/2012, the court is likely to dismiss this action. Ordered by Judge Kiyo A. Matsumoto on 1/31/2012. (Chang, Emily) (Entered: 01/31/2012)

---

[1] As of the date of this Memorandum and Order, no counsel has appeared on behalf of defendants.

Plaintiff did not respond to the Order to Show Cause.

## STANDARD

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *id.* at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is

dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiff has neither advanced his claims nor filed a stipulation of dismissal. Instead, plaintiff failed to appear at the initial conference before Judge Levy on February 24, 2010, as Judge Levy ordered on October 26, 2009; failed to comply with Judge Levy's order dated October 26, 2009 and this court's order to show cause for failure to prosecute dated January 31, 2012; and has allowed plaintiff's case to lie dormant with no activity on plaintiff's part since his December 23, 2009 motion for entry of default. A lack of activity for over two years and an ongoing failure to comply with court orders provide a sufficient basis to justify dismissal. *See e.g.*, *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, on January 31, 2012, the court gave plaintiff notice that failure to respond to the order to show cause could lead to dismissal for failure to prosecute. (*See* Order dated

4

1/31/2012.) Plaintiff failed to respond. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice a defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, this dormant case has remained on the court's docket for over two years with no indication that plaintiff will move it forward in the future. Finally, no lesser sanction than dismissal is likely to be effective in light of plaintiff's failure to respond to the court's order directing plaintiff to take action or face dismissal of his action. Indeed, plaintiff and his counsel would likely have faced sanctions for failure to comply with the Judge Levy's October 26, 2009 scheduling order and this court's January 31, 2012 order to show cause, had this case proceeded.

/

/

/

/

/

/

/

/

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice. Any appeal must be filed within thirty days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A). The Clerk of the Court is respectfully requested to enter judgment dismissing this action and close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 5, 2012

                                         _____/s/_____
                                         **KIYO A. MATSUMOTO**
                                         United States District Judge
                                         Eastern District of New York